IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LARRY RAY HESTER,           )
                            )
        Plaintiff,          )
                            )
                            )   CASE NO. 3:05-1054
v.                          )   JUDGE TRAUGER / KNOWLES
                            )
                            )
REGIONS BANK,               )
                            )
        Defendant.          )

# REPORT AND RECOMMENDATION

## I. Introduction and Background

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket Entry No. 11. Along with that Motion, Defendant has contemporaneously submitted a supporting Memorandum of Law (Docket Entry No. 12), the Deposition of Larry Ray Hester ("Plaintiff's Dep.") with Exhibits (Docket Entry No. 13-4), the Declaration of Julie Kelley ("Kelly Decl.") (Docket Entry No. 13-2), the Declaration of Terry Hutton ("Hutton Decl.") (Docket Entry No. 13-3), and a Separate Statement of Undisputed Material Facts (Docket Entry No. 14).

Plaintiff has not responded to Defendant's Motion or Statement of Undisputed Material Facts.

Plaintiff filed this pro se action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") on November 7, 2005, alleging employment discrimination (failure to hire) based

1

upon his gender.[1]  Docket Entry No. 1.  Plaintiff seeks compensatory damages.  *Id.*

Defendant filed its Answer denying liability on January 30, 3006.  Docket Entry No. 6.

Defendant filed the instant Motion for Summary Judgment and accompanying submissions on August 1, 2006.  Defendant argues that Plaintiff cannot establish his prima facie case because, (1) he was not qualified for the positions he sought; (2) he admits that he has no proof that his sex was a factor in Defendant's decision not to hire him; and (3) he admits that he has no evidence to dispute the legitimate, non-discriminatory reason behind Defendant's decision not to hire him.  Docket Entry No. 12-1.

As has been noted, Plaintiff has not responded to Defendant's Motion or Statement of Undisputed Material Facts.

For the reasons set forth below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## II.  Undisputed Facts[2]

In May 2005, Plaintiff submitted a single employment application for twenty-three positions with Defendant via Defendant's internet website.  Plaintiff's Dep., pp. 67-69. Specifically, Plaintiff applied for five Loan Control Specialist positions, sixteen Processing

---

[1]Plaintiff's EEOC Charge avers discrimination based upon sex and age.  Plaintiff's Complaint, however, avers discrimination based only upon sex.  Because Plaintiff did not allege discrimination based upon age in his Complaint, the Court will not consider it.  Even if the Court were to consider Plaintiff's EEOC Charge of discrimination based upon age, however, the undersigned would recommend that that claim be dismissed because Plaintiff has failed to adduce *any* evidence in a form required by Fed. R. Civ. P. 56 pertaining to that claim.  Plaintiff cannot, therefore, establish his prima facie case.

[2]Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

2

Specialist positions, and two Credit Operations Supervisor positions. Plaintiff's Dep., pp. 67-70; Kelly Decl., ¶ 3.

Plaintiff attended Defendant's "open house" and was interviewed by Terri Hutton during that event. Plaintiff's Dep., pp. 65-66, 75. Ms. Hutton concluded that Plaintiff did not interview well.[3] Hutton Decl, ¶ 3. Other open house attendees conducted better interviews for the positions for which Plaintiff applied. *Id.*

Prior to his 2005 application, Plaintiff's last job involving consumer lending had ended in November 2000. Plaintiff's Dep., pp. 50-51. Many of the applicants against whom Plaintiff competed for the positions had recent lending experience. Kelly Decl., ¶ 6.

Plaintiff lacked the education and experience to be considered for the two Credit Operations Supervisor positions he sought. Kelly Decl., ¶ 8.

All applicants were advised to check the status of their applications via Defendant's internet website. Kelly Decl., ¶ 4. Plaintiff was advised during his open house interview that he should monitor the status of his application through Defendant's website. Plaintiff's Dep., p. 78. Plaintiff visited Defendant's premises in person to check the status of his application and was again advised to check the status of his application on the website. Plaintiff's Dep., pp. 80, 84; Kelly Decl., ¶ 4. Plaintiff repeatedly telephoned Defendant to inquire about the status of his application, and was told during each call that he needed to check the status of his application via the website. Plaintiff's Dep., p. 85; Kelly Decl., ¶ 4.

Defendant decided not to offer Plaintiff any of the positions that he sought because of his

---

[3] Plaintiff admits that he does not have any evidence to dispute Ms. Hutton's conclusion that his interview did not go well. Plaintiff's Dep., at 100.

3

continual harassment of its employees, his poor performance during the open house interview, and his lack of recent lending experience. Kelley Decl., ¶ 9. Neither sex nor age factored into Defendant's decision not to hire Plaintiff. Kelley Decl., ¶ 9; Hutton Decl., ¶ 3.

Men were hired for five of the sixteen Processing Specialist positions for which Plaintiff applied. Kelley Decl., ¶ 7. Men were hired for two of the Loan Control Specialist positions sought by Plaintiff, and one Loan Control Specialist position was never filled. *Id.* A man was hired for one of the two Credit Operations Supervisor positions Plaintiff sought. *Id.,* ¶ 8.

Plaintiff does not have any evidence to demonstrate that he was as qualified as the female applicants selected for the positions he sought (Plaintiff's Dep., p. 148) and Plaintiff does not have any evidence regarding the qualifications of the other applicants who sought the same positions as he (Plaintiff's Dep., pp. 115, 147-148).

Plaintiff does not have any evidence that his sex or age were factors considered by Defendant when they evaluated his application. Plaintiff's Dep., pp. 117-118.

Plaintiff does not have any evidence to demonstrate that Defendant's stated reasons for not hiring him were not the true reasons for that decision. Plaintiff's Dep., p. 117-118, 122.

Defendant was unaware of Plaintiff's age because the employment application does not request that information. Kelley Decl., ¶ 9.

### III.   Analysis

#### A.  Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be

4

twenty (20) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

As has been noted, Defendant filed the pending Motion on August 1, 2006. Docket Entry No. 11. Plaintiff has failed to respond. Pursuant to Local Rule 7.01(b), Plaintiff's failure to file a timely response "indicate[s] that there is no opposition to the motion."

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
> . . .
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has likewise failed to respond to Defendant's Separate Statement of Undisputed Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment."

## B. Motion for Summary Judgment

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The

5

> Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to

6

that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. The Case at Bar

Plaintiff avers that Defendant discriminated against him because it failed to hire him on account of his gender in violation of Title VII of the Civil Rights Act of 1964.[4] The allegations of Plaintiff's Complaint, in their entirety, are as follows:

> Over the course of 1 month, I applied for 20 jobs, that I was qualified for, + was informed by the internet that I was not hired. I was also informed that my interview did not go well.

Docket Entry No. 1.[5]

Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or

---

[4] As has been noted, Plaintiff's EEOC Charge also avers discrimination based upon age, but Plaintiff did not so aver in his Complaint and Plaintiff has failed to adduce *any* evidence in a form required by Fed. R. Civ. P. 56 pertaining to that claim.

[5] Although the factual allegations of Plaintiff's Complaint do not specifically aver discrimination based upon gender, Plaintiff checked the box "sex" for the basis of the alleged discrimination. Docket Entry No. 1.

7

> otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991)). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52 L. Ed. 2d 571 (1977). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F.2d 125, 131 (6th Cir. 1971) (*citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D. Ga. 1968)).

In order to establish a prima facie case of discrimination for failure to hire under Title VII, a plaintiff must establish that he:

8

> 1. is a member of a protected class;
>
> 2. applied for, and did not receive, a job;
>
> 3. was qualified for the job; and
>
> 4. that a similarly-situated person outside of the plaintiff's protected class received the job.

*Seay v. TVA*, 339 F.3d 454, 463 (6th Cir. 2003).

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

As noted above, in order to establish his prima facie claim, Plaintiff must demonstrate, *inter alia*, that he was qualified for the positions that he sought and that a similarly-situated person outside his protected class received the job. With regard to his qualifications, it is undisputed that he had not worked in the industry for the five years prior to the submission of his applications, and that he lacked the requisite education and experience for some of the positions for which he applied.

With regard to demonstrating that Defendant hired a similarly-situated person outside his protected class for the positions, it is undisputed that men were hired for each of the classifications of positions for which Plaintiff applied. Specifically, men were hired for five of the sixteen Processing Specialist positions, two of the Loan Control Specialist positions, and one

9

of the two Credit Operations Supervisor positions. Plaintiff acknowledged that he cannot demonstrate that he was as qualified as the female applicants selected for his desired positions, and he further acknowledged that he does not have any evidence regarding the qualifications of his competing applicants.

Although Plaintiff asserts that Defendant discriminated against him because of his gender, he has failed to adduce *any* affirmative evidence, in a form required by Fed. R. Civ. P. 56, to support those allegations. The conclusory allegations of Plaintiff's Complaint are insufficient to sustain his claim. Plaintiff bears the burden of demonstrating that there is a genuine issue for trial. Plaintiff has failed to do so. Because Plaintiff has offered no evidence whatsoever concerning his claims of discrimination, he cannot establish his prima facie claim, and Defendant is entitled to a judgment as a matter of law.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

11